UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD JOHN BRENNAN, JR.,<br><br>                    Plaintiff,<br><br>         v.<br><br>JEFF LARSEN, *et al.*,<br><br>                    Defendants. | Case No. C16-1304-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Ronald Brennan has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's amended complaint and the balance of the record, concludes that plaintiff has not stated a cognizable ground for relief in this action. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

On August 17, 2016, plaintiff presented to this Court for filing a civil rights complaint under § 1983 in which he alleged that he had been retaliated against by the Department of

REPORT AND RECOMMENDATION - 1

Corrections and the food service staff at the Monroe Correctional Complex (MCC) for utilizing the grievance system to complain that his kosher meals were missing the fruit that the menu called for. (*See* Dkt. 1-1.) Plaintiff asserted that the retaliation took the form of derogatory remarks being written on one of his kosher meal plates and rotten fruit being included on subsequent meal plates. (*See id.*) Plaintiff identified the Department of Corrections (DOC), Food Service Manager Jeff Larsen, and Grievance Coordinator Lee Stemler as defendants in his complaint. (*Id.*) Plaintiff requested damages in the amount of $10,000. (*Id.*)

After reviewing plaintiff's complaint, this Court determined that plaintiff had not adequately alleged a cause of action under § 1983 and, thus, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 7.) In that Order, the Court explained that the DOC was not amenable to suit under § 1983. (*Id.* at 3.) The Court further explained that plaintiff had not alleged facts demonstrating that either defendant Larsen or defendant Stemler personally participated in causing him harm of federal constitutional dimension. (*Id.* at 3-4.)

The Court noted that the facts alleged in the complaint demonstrated that (1) defendant Stemler accepted and processed plaintiff's grievance regarding his incomplete kosher meals and forwarded the grievance to defendant Larsen for investigation, (2) defendant Larsen investigated the grievance by discussing the grievance with plaintiff and inmate employees of the diet kitchen, (3) defendant Larsen took steps to address plaintiff's concerns including monitoring diets to ensure that the fruit for kosher meals was placed with the meal, and (4) defendant Larsen identified the individual who wrote the derogatory remarks on plaintiff's plate and took appropriate administrative action against that individual. (*Id.* at 4.) The Court explained that these facts were insufficient to support any allegation that either defendant Larsen or defendant

Stemler engaged in retaliatory conduct. (Dkt. 7 at 4.) Plaintiff was granted thirty days to file an amended complaint stating a viable claim for relief. (*Id.*)

On September 7, 2016, plaintiff filed an amended complaint in which he identified Food Service Manager Larsen, Grievance Coordinator Stemler, and fellow inmate Charles Bingham as defendants. (Dkt. 8.) Plaintiff's statement of claim in his amended complaint is much less detailed than that set forth in his original complaint, and it appears that plaintiff intends his amended complaint to serve as a supplement to, rather than a substitute for, his original complaint.[1] Plaintiff asserts in his amended pleading that after he filed his grievance complaining about the food department's failure to follow DOC policy, defendant Stemler sent the grievance to defendant Larsen. (Dkt. 8 at 3.) Plaintiff asserts that defendant Larsen, in turn, showed the grievance to employees in the diet kitchen, in particular to defendant Bingham, and that this caused the kitchen employees to take retaliatory actions against plaintiff because the employees had to do extra work to ensure that plaintiff's meals complied with DOC policy. (*Id.*) Plaintiff does not provide any detail about the alleged retaliatory actions of the kitchen employees in his amended pleading, he merely references writing on his food tray which he claims was degrading and demeaning. (*Id.*)

## DISCUSSION

In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff

---

[1] The Court specifically advised plaintiff in its order declining to serve his original complaint that an amended pleading operates as a complete substitute for an original pleading. However, whether viewed separately or together, plaintiff's pleadings do not adequately allege any cause of action under § 1983. (*See* Dkts. 6 and 8.)

REPORT AND RECOMMENDATION - 3

must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the complained of deprivation.  *Id*. (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  In order to prevail on a retaliation claim, "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted).

None of the conduct which plaintiff attributes to defendants Stemler and Larsen can reasonably be construed as "adverse action" against plaintiff.  Defendant Stemler merely accepted plaintiff's grievance and passed it along to defendant Larsen, and defendant Larsen merely investigated plaintiff's complaint and apparently attempted to take corrective action.  While plaintiff alleges that defendant Larsen "caused" the inmate kitchen employees to retaliate against him by identifying plaintiff as the complainant, plaintiff alleges no facts suggesting that defendant Larsen's purpose in identifying plaintiff to the inmate kitchen employees was to effectively punish plaintiff for filing a grievance.  Moreover, the exhibits attached to plaintiff's original pleading appear to demonstrate that defendant Larsen identified, and took corrective

REPORT AND RECOMMENDATION - 4

action against, the individual responsible for writing derogatory remarks on plaintiff's tray, which undermines any suggestion that defendant Larsen's identification of plaintiff during the investigation was intended to cause plaintiff harm.

When the Court views all of plaintiff's materials together, and places the conduct of defendants Stemler and Larsen in context, plaintiff has demonstrated nothing more than that defendants attempted to resolve plaintiff's grievance. Whether or not plaintiff's grievance might have been resolved without revealing plaintiff's identity, the fact that plaintiff's identity was revealed during the process is not sufficient to establish adverse action for purposes of plaintiff's retaliation claim.

The only individual against whom plaintiff makes any legitimate claim of adverse action is defendant Bingham. It was apparently defendant Bingham who wrote the derogatory remarks on plaintiff's meal tray.[2] (*See* Dkt. 6 at 4.) As noted above, in order to sustain a cause of action under § 1983, a plaintiff must show that any alleged constitutional violation was committed by a person acting under color of state law. Acting "under color of state law" requires that a defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, the question that must be addressed in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

---

[2] Plaintiff alleged in his original complaint that employees in the diet kitchen also put rotten oranges on his plate for several meals after they were made aware of his grievance, but plaintiff does not specifically identify those employees. (*See* Dkt. 6 at 4.)

REPORT AND RECOMMENDATION - 5

Defendant Bingham is a fellow inmate of plaintiff's, and plaintiff sets forth no facts in either his original or amended complaints which demonstrate that defendant Bingham's alleged retaliatory conduct was fairly attributable to the state. Defendant Bingham therefore may not be held liable in this action brought under § 1983.

## CONCLUSION

As plaintiff has not alleged in his amended complaint a cognizable ground for relief against any of the named defendants, this Court recommends that plaintiff's amended complaint and this action be dismissed without prejudice, prior to service, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 14, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 18, 2016.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 24th day of October, 2016.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6